UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

TERRENCE L. STEPP                                      PLAINTIFF

v.                                           CIVIL ACTION NO. 5:15CV-P39-GNS

UNKNOWN CHRISTIAN COUNTY JAIL EMPLOYEES        DEFENDANTS

**MEMORANDUM OPINION**

       By Order entered March 6, 2015, the Court directed *pro se* Plaintiff Terrence L. Stepp to (1) file his complaint on a court-supplied § 1983 form; (2) either pay the $400.00 filing fee or file an application to proceed without prepayment of fees and affidavit along with a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint; and (3) complete a summons form for each Defendant named in the complaint.  The Court further warned Plaintiff that his failure to comply within 30 days from the entry date of the Order would result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court.  The compliance period has expired, and Plaintiff has failed to comply or show cause for said failure.

       Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.").  "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.*  "[T]he lenient treatment of *pro se* litigants has limits.  Where, for example, a *pro se* litigant fails to comply with an easily

understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

      Because Plaintiff failed to comply with a straightforward Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action. Therefore, by separate Order, the Court will dismiss the instant action.

Date: April 21, 2015

Greg N. Stivers, Judge
United States District Court

cc:    Plaintiff, *pro se*
4416.005